STATE OF RHODE ISLAND
PROVIDENCE, sc

SUPERIOR COURT

ARGENT MORTGAGE COMPANY, LLC., its successors )
and assigns, including DEUTSCHE BANK NATIONAL TRUST )
COMPANY, as Trustee of Argent Mortgage Securities, Inc., )
Asset-Based Pass Through certificates, Series 2006-M2, )
Under the Pooling And Insurance Agreement Dated as of )
August 1, 2006, Without Recourse (Deutsche) )

VS. ) C.A. NO. 08-

EAST WALLUM LAKE TRUST; JOHN K. LACE, )
Individually and in his capacity as Trustee of the East Wallum)
Lake Trust; JOHN K. LACE; LISA LACE; and THE UNITED )
STATES OF AMERICA (Department of the Treasury - )
Internal Revenue Service) )

**VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**JURISDICTION**

This action for declaratory judgment is brought pursuant to R.I G.L.. 1956, §9-30-1, et seq. Rules 57 and 65, FRCP and 28USC32410(a)(1) and (2).

**PARTIES**

1. *ARGENT MORTGAGE COMPANY, LLC., its successors and assigns,* (hereinafter, "Argent"), is a Delaware corporation duly authorized and doing business in the State of Rhode Island. The plaintiff is the successor or assignee of Argent and is the current note and mortgage holder, *DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee of Argent Mortgage Securities, Inc., Asset-Based Pass Through certificates, Series 2006-M2, Under the Pooling And Insurance Agreement Dated as of*

*August 1, 2006, Without Recourse* (hereinafter, "Deutsche"). Deutsche is a national trust company with a principal place of business, in care of its servicer, Citi Residential Lending, 10801 E. 6th Street, Suite 130, Rancho Cucamonca, California, 91730.

2. Defendants John K. Lace, individually and John K. Lace in his capacity as Trustee of the East Wallum Lake Trust, the East Wallum Lake Trust and Lisa Lace (hereinafter, "defendants") are, upon information and belief, residents of the State of Rhode Island.

3. Defendant THE UNITED STATES OF AMERICA (Department of the Treasury - Internal Revenue Service), is named herein as the alleged holder of a purported Federal tax lien in the amount of $5,035.22 dated on or about January 24, 2007, as against defendant *John K. Lace* of 1436 East Wallum Lake Road, Pascoag, RI 02857-1804. The United States of America (Department Treasury – Internal Revenue Service) is hereinafter, collectively, referred to "The IRS". The Notice of Tax Lien was prepared and signed by the Revenue officer at Manhattan, New York, and was recorded in the Land Evidence Records of the Town of Burrillville, Rhode Island, on or about February 13, 2007 (see **Exhibit 6** attached).

**FACTS**

4. On or about September 16, 1999, Paul R. Croteau conveyed, by Quit-Claim Deed, real estate and improvements located at 1436 East Wallum Lake Road, Burrillville, Rhode Island (hereinafter, "the subject premises") to defendant John K. Lace, Trustee of the East Wallum Lake Trust (see deed recorded at Book 226, pp. 0009 – 0010 attached as **Exhibit 1**).

5. Thereafter, in order to obtain funds from the plaintiff, defendant John K. Lace, in his capacity as Trustee of the East Wallum Lake Trust, issued and executed a Trustee's Certificate on June 16, 2006 (Trustee's Certificate attached as **Exhibit 2**).

6. On the same date, June 16, 2006, as a part of the same transaction, defendant John K. Lace, in his capacity as trustee of the East Wallum Lake Trust, executed a Quit-Claim Deed conveying the subject premises to John K. Lace (deed attached as **Exhibit 3**).

7. Having obtained transfer of the premises, defendant Lace individually obtained funds in the amount of $300,000.00 from the plaintiff and executed a mortgage in favor of *ARGENT, its successors and assigns,* which was intended to fully secure the loan. The mortgage was executed and delivered on June 16, 2006 (copy of mortgage attached as **Exhibit 4**).

8. Defendants John K. Lace and Lisa Lace, upon information and belief, are related and resided together at the subject premises at all times relevant and were fully aware of the above transactions.

9. Although John K. Lace had, in his capacity as Trustee, previously conveyed the premises to John K. Lace, individually, on June 16, 2006, who then mortgaged the premises to plaintiff as aforesaid, the defendant, John K. Lace as Trustee, purportedly executed a Warranty Deed of the subject premises to defendant Lisa Lace for "0.00" consideration on or about May 8, 2007. Said deed was recorded at Book 580, pp. 26-27, on May 10, 2007 (deed attached as **Exhibit 5**).

10. When defendant John K. Lace became in default of his mortgage obligations, the plaintiff learned that the Quit-Claim Deed from the Trust to Lace individually (**Exhibit 3**) and the plaintiff's first security mortgage (**Exhibit 4**) were unrecorded. The plaintiff promptly recorded the mortgage on August 15, 2007, along

with the Trustee's Certificate and Quit-Claim Deed, all as originally intended on June 16, 2006 (see **Exhibits 2, 3 and 4**).

11. At or about the time of recordation of the mortgage, the plaintiff learned that the defendants had attempted to convert, transfer or convey the premises for no consideration by reason of the intervening recorded deed to defendant Lisa Lace (**Exhibit 5**). The plaintiff alleges that the transfer to Lisa Lace was disingenuous, false, fraudulent, without consideration and, accordingly, did not terminate the priority encumbrance of Argent and its successors, as intended.

12. The defendants concealed their fraudulent activities and did not advise the plaintiff of their actions. On or about August of 2007, plaintiff conducted a title search which revealed the above fraudulent activities. The title search also revealed that the defendant, United States of America (Department of Treasury, Internal Revenue Service), had, on or about January 24, 2007, filed a Notice of Federal Tax Lien against defendant John K. Lace (see Notice of Tax Lien attached as **Exhibit 6**).

13. Said tax lien was filed after the purchase money or security interest of the plaintiff came into existence.

14 The plaintiff is now unable to safely foreclose upon its valid and pre-existing mortgage interests without the declaratory and injunctive assistance of this Court.

15. In addition, the plaintiff was obliged to expend significant sums in attorneys' and other fees, expenses and costs in connection with resolving the claims resulting from the actions of the defendants.

**COUNT I**
**(Directed to All Defendants Other Than the United States)**

16. Paragraphs 1 – 15 are incorporated herein by reference.

17. The various acts and concealments of the defendants as aforesaid were criminal in nature and otherwise fraudulent.

18. The defendants knowingly participated in and sought to deceive and to profit by the aforementioned fraudulent acts, representations and concealments.

19. As a result thereof, the plaintiff was greatly damaged as aforesaid.

**WHEREFORE,** the plaintiff demands that judgment enter in its favor and against defendants in an amount sufficient to fully and adequately compensate it for its damages, for twice said damages pursuant to R.I.G.L. 9-1-2, and for exemplary and/or punitive damages, plus interest, costs and attorneys' fees.

**COUNT II - INJUNCTION**
**(Directed to All Defendants**

20. Paragraphs 1 – 18 are incorporated herein by reference.

21. The deed from defendant John Lace, Trustee, to Lisa Lace (Exhibit 1) did not validly convey the subject premises, was fraudulent, was not supported by consideration and was otherwise invalid as a matter of law and equity.

22. The alleged transfer to Lisa Lace improperly constitutes a cloud on title of the petitioner.

23. The plaintiff's security interest came into existence for valid consideration on June 16, 2006, and represented purchase money security advanced by a bona fide mortgagee and lender, without knowledge of the subsequently recorded IRS lien.

24. As a result of the subsequent recordation of the IRS Notice and the false recordings, statements and other actions of the defendants other than the United States, the plaintiff has been irreparably harmed, cannot foreclose upon or freely alienate the property, will lose its priority property interests, will continue to suffer clouds

on title, will be unable to safely bid its interests at foreclosure and will suffer other immediate and irreparable harm.

25. The petitioner has no adequate remedy at law and has a strong probability of success on the merits of its claims.

**WHEREFORE**, the plaintiff prays that this Court temporarily restrain and preliminarily and permanently enjoin defendants

(1) from foreclosing, advertising, auctioning or otherwise alienating or conveying the subject premises;

(2) from maintaining the subject recorded deed to defendant Lisa Lace as a cloud on title;

(3) from maintaining the IRS lien as a cloud on the plaintiff's title;

(4) mandating that the defendants issue and record discharges or subordinations of the subject illegal or ineffectual interests and conveyances; and

(5) for such other and further relief as this Court might deem just and proper under the circumstances.

**COUNT III**
**Declaratory Judgment – Title and Priority of Interests**
**(Directed to All Defendants)**

26. Paragraphs 1 through 25 are incorporated herein by reference.

27. The deed to defendant Lisa Lace is legally and equitably ineffective, void, cancelled and discharged or equitably subordinated to the mortgage interests of the petitioner.

28. The subject deed to Lisa Lace (**Exhibit 5**) is not supported by consideration as to the alleged transfer of the subject property.

29. The subject deed to Lisa Lace (**Exhibit 5**) did not, on its face, properly transfer the subject premises from the true owner and, accordingly, is ineffective as a conveyance.

30. The Notice of Tax Lien (**Exhibit 6**) was filed after the valid interest of the plaintiff came into existence.

31. The subject deed to defendant Lisa Lace (**Exhibit 5**) and the IRS tax lien (**Exhibit 6**) should be declared null, void, cancelled, discharged or subordinated in law and in equity to prevent manifest injustice and irreparable harm to the plaintiff and to prevent the unjust enrichment of the defendants. All such declarations should be declared effective as of the original date of the original transactions with the plaintiff, June 16, 2006.

32. The plaintiff has no adequate remedy at law.

WHEREFORE, the plaintiff prays that judgment enter in its favor

(1) declaring the subject deed to defendant Lisa Lace (**Exhibit 5**) and the IRS Notice of Tax Lien (**Exhibit 6**) to be legally and equitably void, discharged or subordinated;

(2) declaring defendants' interests in the subject property (if any) are subject to the security interests and first mortgage priority of the plaintiff;

(3) declaring that the property was duly transferred by defendant John K. Lace as Trustee to John K. Lace individually and was duly mortgaged to and secured by the plaintiff as of June 16, 2006;

(4) for such other and further relief as this Court may deem just and proper; and

(5) declaring that plaintiff is free to proceed with foreclosure pursuant to the terms of the recorded Argent mortgage, free and clear of any interests asserted by the defendants or all others whose interests may have accrued after June 16, 2006.

**COUNT IV**
**Slander OF Title**
**(Directed to All Defendants Other than the United States)**

33. The petitioner incorporates by reference the allegations contained in paragraphs 1 through 32 of Counts I, II and III.

34. The defendants' actions have slandered the petitioner's title and mortgage interests to the subject property, and petitioner has suffered consequential damages resulting therefrom.

**WHEREFORE**, plaintiff demands judgment against defendants and demands that this Court award it damages in an adequate amount in excess of the jurisdictional limit of this Court.

**COUNT V**
**Abuse of Process**
**(Directed to All Defendants Other Than the United States)**

35. Petitioner incorporates by reference the allegations contained in paragraphs 1 through 34 of Counts I through IV.

36. The actions and filings in the Land Evidence Records are maintained by the defendants although they have no actual or bona fide claim of a priority interest in title to the subject property now and at the time of said actions, filings and proceedings.

37. The actions and filings of defendants were improper in that they were trying to seek a collateral advantage as result thereof.

38. The actions of defendants are improper in that they were intended for the unlawful purpose of embarrassing, dispossessing and preventing the petitioner from fully enjoying and foreclosing upon its priority interest in the property and for the purpose of interfering with known contractual relations.

39. The actions by defendants constitute an abuse of process.

**WHEREFORE**, plaintiff demands that this Court enter judgment against defendants in an amount in excess of the jurisdictional limit of the Court.

## COUNT VI
## Bad Faith / Malicious Use of Process
**(Directed to All Defendants Other Than the United States)**

40. The petitioner incorporates by reference the allegations contained in paragraphs 1 through 39 of the Counts I through V.

41. The actions and filings by defendants were made without probable cause.

42. The actions and filings by defendants were made maliciously and in bad faith.

43. The actions of defendants constitute a malicious use of process.

44. As a result of said filings, plaintiff has suffered consequential damages.

**WHEREFORE**, plaintiff demands that this Court award adequate damages against defendants in an amount in excess of the Court's jurisdictional threshold, plus punitive damages, plus interest and costs.

## COUNT VII
## Equitable Subrogation, Subordination and Discharge
**(Directed to All Defendants)**

45. Paragraphs 1 through 44 are incorporated herein by reference.

46. The proceeds of the closing dated June 16, 2006, were directly and actually paid by the petitioners as purchase money and/or to pay off obligations in the aggregate amount of Three Hundred Thousand Dollars ($300,000.00) which were prior in time and priority to the alleged interests of the defendants.

47. Additional proceeds were paid directly to satisfy other interests which were, in equity, superior in priority to the alleged Argent mortgage.

48. Any remaining interests of defendants are, accordingly, equitably and legally subordinated to the petitioner's subrogation rights and priority interests.

**WHEREFORE**, the plaintiff demands that judgment enter in its favor as follows:

(1) Declaring that the deed to defendant Lisa Lace (**Exhibit 5**) and the IRS Notice of Lien (**Exhibit 6**) are null and void, legally and equitably discharged, released, surrendered and/or subordinated to the priority and first security mortgage interests of the plaintiff.

(2) Ordering the defendants to file any necessary discharges or reconveyances or subordinations of the subject premises in the appropriate Land Evidence Records of the Town of Burrillville, accordingly.

(3) Declaring that effective as of June 16, 2006, the plaintiff and its successors and assigns hold first priority mortgage interests in the premises free and clear of any such deed and any other interests accruing after June 16, 2006, and that the petitioner is free to foreclose forthwith upon its priority interests pursuant to the terms of its mortgage.

(4) In the alternative, declaring that the defendants' interests are fully subordinate to the interests of the petitioner and its successors and assigns.

(5) Preliminarily and permanently enjoining the defendants from transferring, alienating, encumbering, foreclosing on the Execution upon the subject

premises and from maintaining the deed to defendant Lisa Lace and the IRS Notice of Lien as clouds on title.

(6) Awarding the petitioner its attorneys' fees and costs.

(7) For such other and further relief as this Court deems just and proper.

Respectfully submitted,

ARGENT MORTGAGE COMPANY, LLC., its successors and assigns, including DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee of Argent Mortgage Securities, Inc., Asset-Based Pass Through certificates, Series 2006-M2, Under the Pooling And Insurance Agreement Dated as of August 1, 2006, Without Recourse (Deutsche)
By its Attorneys,

JAMES P. MARUSAK #2470
Gidley, Sarli & Marusak, LLP
One Turks Head Place, Suite 900
Providence, RI 02903
401-274-6644 fax: 401-331-9304

Dated: 2/13/08

**VERIFICATION**

I, duly authorized, hereby certify that I have read the foregoing VERIFIED COMPLAINT and know the contents thereof and that the allegations contained in the VERIFIED COMPLAINT are true and correct based on my knowledge and information.

CitiResidential Lending, as Attorney-in-Fact
and Loan Servicer for Deutsche

Dawn L Reynolds
SIGNATURE

Name: Dawn L Reynolds
PRINTED, PLEASE

Title: Authorized Agent
PRINTED, PLEASE

SUBSCRIBED AND SWORN to before me this ________ day of ________________, 200____.

______________________
Notary Public
My commission expires:

See attached

# CALIFORNIA ALL-PURPOSE CERTIFICATE OF ACKNOWLEDGMENT

State of California

County of San Bernardino

On 2/8/08 before me, H Patterson,
(Here insert name and title of the officer)

personally appeared Dawn L. Reynolds,

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

[signature]

Signature of Notary Public

(Notary Seal)

H. PATTERSON
Commission # 1744200
Notary Public - California
San Bernardino County
My Comm. Expires May 6, 2011

## ADDITIONAL OPTIONAL INFORMATION

**DESCRIPTION OF THE ATTACHED DOCUMENT**

0085836534
(Title or description of attached document)

(Title or description of attached document continued)

Number of Pages ____ Document Date________

(Additional information)

**CAPACITY CLAIMED BY THE SIGNER**

- ☐ Individual (s)
- ☐ Corporate Officer

(Title)

- ☐ Partner(s)
- ☐ Attorney-in-Fact
- ☐ Trustee(s)
- ☐ Other ________

**INSTRUCTIONS FOR COMPLETING THIS FORM**

*Any acknowledgment completed in California must contain verbiage exactly as appears above in the notary section or a separate acknowledgment form must be properly completed and attached to that document. The only exception is if a document is to be recorded outside of California. In such instances, any alternative acknowledgment verbiage as may be printed on such a document so long as the verbiage does not require the notary to do something that is illegal for a notary in California (i.e. certifying the authorized capacity of the signer). Please check the document carefully for proper notarial wording and attach this form if required.*

- State and County information must be the State and County where the document signer(s) personally appeared before the notary public for acknowledgment.
- Date of notarization must be the date that the signer(s) personally appeared which must also be the same date the acknowledgment is completed.
- The notary public must print his or her name as it appears within his or her commission followed by a comma and then your title (notary public).
- Print the name(s) of document signer(s) who personally appear at the time of notarization.
- Indicate the correct singular or plural forms by crossing off incorrect forms (i.e. ~~he~~/she/~~they~~, is /~~are~~ ) or circling the correct forms. Failure to correctly indicate this information may lead to rejection of document recording.
- The notary seal impression must be clear and photographically reproducible. Impression must not cover text or lines. If seal impression smudges, re-seal if a sufficient area permits, otherwise complete a different acknowledgment form.
- Signature of the notary public must match the signature on file with the office of the county clerk.
  - ❖ Additional information is not required but could help to ensure this acknowledgment is not misused or attached to a different document.
  - ❖ Indicate title or type of attached document, number of pages and date.
  - ❖ Indicate the capacity claimed by the signer. If the claimed capacity is a corporate officer, indicate the title (i.e. CEO, CFO, Secretary).
- Securely attach this document to the signed document

RECEIVED
FEB 26 2008
US ATTORNEY
DISTRICT OF R.I.

Michael G. Sarli*
James P. Marusak*
Michael R. De Luca*
Dennis T. Grieco II*

Matthew D. Rocheleau*
Per C. Vaage*
Michael P. Quinn, Jr.*
Jeffrey W. Ward
Thomas D. Gidley, Retired

One Turks Head Place, Suite 900
Providence, Rhode Island 02903
Telephone 401-274-6644
Fax 401-331-9304

Gidley, Sarli & Marusak, LLP
ATTORNEYS AT LAW

* Also admitted in Massachusetts

February 26, 2008

Civil Clerk's Office
Superior Court
250 Benefit Street
Providence, RI 02903

RE: Argent Mortgage Company, LLC
vs. East Wallum Lake Trust, et al
C.A. No. 08-0873

Dear Sir / Madam:

Enclosed please find:

(1) Affidavit of Service

(2) "Exhibit A" consisting of the original Certified Mail Receipt and the original green return receipt card evidencing service on February 20, 2008.

(3) "Exhibit B" consisting of the a copy of cover letter to US Attorney General Michael B. Mukasey, the original summons directed to Mr. Mukasey and a copy of the Verified Complaint.

Your attention to filing same in the usual course will be appreciated.

Sincerely,

James P. Marusak

5-60-1593

pjg
Enclosures
cc: Robert Clark Corrente, US Attorney's Office

DEPARTMENT OF JUSTICE
MAR 20 2008
TAX DIV.
RECORD

NEW
SEND TO FILES PROMPTLY AFTER ACTION. THIS ITEM AUTHORIZES JACKETING OF FILE MATERIAL. DO NOT FILE IN OFFICE FILES.

2008105197

STATE OF RHODE ISLAND
PROVIDENCE, sc

SUPERIOR COURT

ARGENT MORTGAGE COMPANY, LLC., its successors and assigns, including DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee of Argent Mortgage Securities, Inc., Asset-Based Pass Through certificates, Series 2006-M2, Under the Pooling And Insurance Agreement Dated as of August 1, 2006, Without Recourse (Deutsche)

VS.

C.A. NO. 08-0873

EAST WALLUM LAKE TRUST; JOHN K. LACE, Individually and in his capacity as Trustee of the East Wallum Lake Trust; JOHN K. LACE; LISA LACE; and THE UNITED STATES OF AMERICA (Department of the Treasury - Internal Revenue Service)

**AFFIDAVIT OF SERVICE**

The undersigned, being duly sworn upon oath, deposes and says:

1. That he is the attorney of record for the plaintiffs, *ARGENT MORTGAGE COMPANY, LLC., its successors and assigns, including DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee of Argent Mortgage Securities, Inc., Asset-Based Pass Through certificates, Series 2006-M2, Under the Pooling And Insurance Agreement Dated as of August 1, 2006, Without Recourse (Deutsche)* and has personal knowledge of the facts as set forth in this Affidavit.

2. That plaintiffs have filed a Complaint against the United States of America (Department of the Treasury – Internal Revenue Service) on or about February 14, 2008.

3. Defendant, the United States of America (Department of the Treasury – Internal Revenue Service), was served with a copy of the Complaint by certified mail, return receipt requested, mailed to Michael B. Mukasey, US Attorney General, US

Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530, on February 14, 2008, pursuant to Super. R. Civ. P. (4)(f)(2) and 28 USC §2410(B).

4. Attached hereto as **Exhibit A** is the return receipt indicating that defendant was served on February 20, 2008, by certified mail, return receipt requested.

5. Attached hereto as **Exhibit B** are copies of the Complaint and Summons served upon defendant on February 20, 2008, by certified mail.

6. All of the above is true and correct to the best of my knowledge, information and belief.

ARGENT MORTGAGE COMPANY, LLC., its successors and assigns, including DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee of Argent Mortgage Securities, Inc., Asset-Based Pass Through certificates, Series 2006-M2, Under the Pooling And Insurance Agreement Dated as of August 1, 2006, Without Recourse (Deutsche)

By their Attorneys,

JAMES P. MARUSAK #2470
Gidley, Sarli & Marusak, LLP
One Turks Head Place, Suite 900
Providence, RI 02903
401-274-6644 fax: 401-331-9304

SUBSCRIBED AND SWORN TO before me this 26th day of February, 2008.

Phyllis J. Giarrusso
Notary Public
My Commission Expires: 8/7/09

CERTIFICATION

I hereby certify that a copy of the within AFFIDAVIT OF SERVICE was sent by United States first-class mail, postage pre-paid, and/or hand delivery, to **Robert Clark Corrente**, US Attorney's Office, 50 Kennedy Plaza, 8th Floor, Providence, RI 02903, on the 26 day of February, 2008.

Phyllis J. Giarrusso

U.S. Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

7006 3450 0003 9003 6042

Sent To Michael B. Mukasey, US AG
US Dept. of Justice
Street, Apt. No.; or PO Box No. 950 Pennsylvania Ave NW
City, State, ZIP+4 Washington, DC 20530

PS Form 3800, August 2006 See Reverse for Instructions

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MICHAEL B. MUKASEY
US ATTORNEY GENERAL
DEPT. OF JUSTICE
950 PENNSYLVANIA AVENUE NW
WASHINGTON, DC 20530

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X [signature] ☐ Agent ☐ Addressee

B. Received by (Printed Name) FEB 2 5 2008
C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label) 7006 3450 0003 9003 6042

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

EXHIBIT
A

Michael G. Sarli*
James P. Marusak*
Michael R. De Luca*
Dennis T. Grieco II*

Matthew D. Rocheleau*
Per C. Vaage*
Michael P. Quinn, Jr.*
Jeffrey W. Ward
Thomas D. Gidley, Retired

* Also admitted in Massachusetts

One Turks Head Place, Suite 900
Providence, Rhode Island 02903
Telephone 401-274-6644
Fax 401-331-9304

Gidley, Sarli & Marusak, LLP
ATTORNEYS AT LAW

February 14, 2008

Michael B. Mukasey, US Attorney General
US Dept. of Justice
950 Pennsylvania Avenue NW
Washington, DC 20830

RE: ARGENT MORTGAGE COMPANY, LLC., its successors and assigns, including DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee of Argent Mortgage Securities, Inc., Asset-Based Pass Through certificates, Series 2006-M2, Under the Pooling And Insurance Agreement Dated as of August 1, 2006, Without Recourse (Deutsche)

VS. EAST WALLUM LAKE TRUST; JOHN K. LACE, Individually and in his capacity as Trustee of the East Wallum Lake Trust; JOHN K. LACE; LISA LACE; and THE UNITED STATES OF AMERICA (Department of the Treasury -Internal Revenue Service)

C.A. NO. 08-0873 (Providence (RI) County Superior Court)

Dear Attorney General Mukasey:

Pursuant to Rhode Island Superior Court Rules of Civil Procedure, the enclosed Complaint is hereby served upon the United States of America (Department of the Treasury – Internal Revenue Service).

Sincerely,

James P. Marusak

pjg
Enclosure
certified mail – return receipt requested

EXHIBIT
B

# State of Rhode Island and Providence Plantations

.........................................,SC

## PROOF OF SERVICE

I hereby certify that on the ........................................ day of ................................................. I served a copy of this summons and a copy of the complaint received therewith upon ................................................................................

................................................................................

in the following manner:

By delivering a copy of the summons and complaint to him/her personally.

By leaving a copy of the summons and complaint at his/her dwelling house,...................................................

........................................................................................, with a person of suitable age and discretion then residing therein. (Address)

By leaving a copy of the summons and complaint at his/her usual place of abode, ...........................................

........................................................................................, with a person of suitable age and discretion then residing therein.

By delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process, namely ................................................................................

such agent being one designated by statute to receive service, further notice as the statute requires was given as follows:

................................................................................

................................................................................

................................................................................

Sheriff's Fees
Travel ........................ $..........................

Service ....................... $..........................

$..........................

..................................................................
Deputy Sheriff

CIVIL ACTION

FILE NO. 08-0873

SUMMONS

SUPERIOR COURT

ARGENT MORTGAGE COMAPNY, LLC

VS

EAST WALLUM LAKE TRUST, ET AL

SERVE: The United States of America (Department of the Treasury - Internal Revenue Service)
ATTN: Michael B. Mukasey
US Dept of Justice
Washington, DC 20830

ATTORNEY FOR PLAINTIFF
~~JAMES P. MARUSAK, ESQUIRE~~

NOTE: Returnable to Plaintiff's Attorney forthwith after service. Proof of service to be filed within time during which the person served must respond.

QUIT CLAIM DEED

I, Paul R. Croteau of East Wallum Lake Road, Burrillville, Rhode Island for consideration paid, grants to John K. Lace, trustee of the East Wallum Lake Trust with Quit Claim Covenants;

That certain lot or parcel of land with all the buildings and improvements thereon, situated in the Burrillville, County of Providence, State of Rhode Island, bounded and described as follows:

See Exhibit "A" attached hereto and made a part hereof.

This transfer is such that no RIGL 44-30-71.3 withholding is required as the Seller is a resident of the State of Rhode Island as evidenced by Affidavit.

I, the said Grantor, hereby certify that the real property being conveyed by this instrument complies with the requirements of RIGL 23-28.35-1.

WITNESS my hand this 16 day of September, 1999.

Paul R. Croteau
Paul R. Croupeau

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

In Pascoag on the 16TH day of September 1999, before me personally appeared Paul R. Croteau to me known and known by me to be the party executing this instrument and he acknowledged said instrument by him executed to be his free act and deed.

Rebecca C. Croteau
Notary Public
Commission Expires: 6/18/01

Rebecca C. CroTeau

Lace, John K
427 Chapel St
Harrisville R.I.
02830

BK0226PG0008

003410

JUL 20 2000

3:00

[illegible]

Exhibit "A"

That certain lot or parcel of land with all the buildings and improvements thereon, situated on the westerly side of East Wallum Lake Road in the Town of Burrillville, County of Providence, State of Rhode Island and shown on that plan as Lot 1 and to be recorded and entitled Subdivision Plan of Lot 1 of 4 Lots owned by Northern Rhode Island Sportsman Club, Burrillville, Rhode Island. February 1985. Scale 1 inch equals 50 feet by Anthony E. Muscatelli, more particularly bounded and described as follows:-

Beginning at a point on said westerly line of East Wallum Lake Road and the most northeasterly corner of land owned by grantor and being the most southeasterly corner of the parcel hereby described:-

thence: N 82° - 43' - 59" W along said grantors land six hundred twenty seven and eighty four hundredths (627.84) feet.

thence: N 22° - 03' - 04" E along grantors land one hundred fifty five and fourteen hundredths (155.14) feet.

thence: S 82° - 43' - 59" E along Hans and Sigrid Miller land five hundred eighty one and no hundredths (581.00) feet to the westerly side of East Wallum Lake Road.

thence: S 02° - 07' - 19" W along westerly side of East Wallum Lake Road ninety two and twenty five hundredths (92.25) feet.

thence: S 09° - 16' - 05" W fifty eight and thirteen hundredths (58.13) feet to the point of beginning, the last two line bounding on said westerly side of East Wallum Lake Road.

As recorded in Plat Book 15, Page 52.

Containing 2.0279 acres.

Being the same premises conveyed to the Grantor herein in book 135 at page 728.

Recorded in Burrillville, RI on JUL 20 2000
At 1:25 o'clock P m. Nancy M. Fifford
Town Clerk

BOOK 0226 PAGE 0010

Bk: 596 Pg: 176
INST: 00017883

THE EAST WALLUM LAKE TRUST
**Trustee Certificate**

The undersigned hereby certifies as follows;

1. The undersigned, JOHN K. ~~LAKE~~ LACE (JmS), is/are all of the Trustee(s) of THE EAST WALLUM LAKE TRUST u/d/t dated September 16, 1999 and recorded with the County District Registry of Deeds [Land Court Records] at Book 0226 Page 0009 [or registered as Document Number as noted on [Transfer] Certificate of Title No. ], as amended by , dated and recorded with the County District Registry of Deeds [Land Court Records] at Book , Page , [or registered as Document Number as noted on [Transfer] Certificate of Title No. ] ("Trust").

2. The Trust is in full force and effect and has not been amended or modified, except as provided above, and has not been revoked as of the date hereof.

3. The undersigned has [have] full power and authority and has [have] been directed by the beneficiaries of the Trust to enter into a sale/purchase/mortgage loan transaction with respect to certain premises situated at 1436 East Wallum Lake Road, Burrillville, Providence, County, Rhode Island ("Premises"), and in connection therewith to execute and deliver, on behalf of the Trust, any and all documents with respect to said transaction including, but not limited to, a deed by the undersigned conveying the Premises to in full consideration of the sum of $ [a promissory note of the undersigned in the amount of $200,000.00 payable to Argent Mortgage Company LLC, ISAOA/ATIMA, and as security therefore, a mortgage of the Premises to said lender], together with all other agreements, assignments, certificates, affidavits, settlement statements and documents as may be necessary or desirable in effectuating said transaction.

Executed as a sealed instrument under the penalties of perjury this 16th day of June, 2006.

John K. Lace
John K. Lace, Trustee of The East Wallum Lake Trust

LOUISE R PHANEUF
TOWN OF BURRILLVILLE
TOWN CLERK
Aug 15,2007 09:02:53A

EXHIBIT
2

Bk: 596 Pg: 177
INST: 00017882

# QUIT-CLAIM DEED

JOHN K. LACE, TRUSTEE OF THE EAST WALLUM LAKE TRUST grants JOHN K. LACE, individually, of 1436 East Wallum Lake Road Burrillville, RI 02888 for consideration paid, with QUIT-CLAIM covenants the land being described as follows:

. SEE EXHIBIT "A" ATTACHED HERETO AND INCORPORATED BY REFERENCE

**Property Address:**
**1436 East Wallum Lake Road**
**Burrillville, RI 02888**
Map 70 Lot 35

*Consideration nominal, no tax stamps needed*

Being the same premises conveyed to this grantor by deed from Paul R. Croteau on 09/16/1999 and recorded on 07/20/00 at Book 226 and Page 0009 in the Land Evidence Records of Burrillville, Rhode Island.

We do hereby covenant that this transfer is such that no R.I.G.L. § 44-30-71.3 withholding is required as we are residents of Rhode Island.

IN WITNESS WHEREOF, the said John K. Lace, Trustee of The East Wallum Lake Trust caused these presents to be signed this 16 day of June 2006.

*John K. Lace*
John K. Lace, as Trustee of The East Wallum Lake Trust

STATE OF RI
COUNTY OF [illegible]

In [illegible], on the [illegible] day of [illegible] 2006 before me personally appeared [illegible], the aforementioned grantor, to me known and known by me to be the party executing the foregoing instrument, and he/she acknowledged said instrument, by him/her executed, to be his/her free act and deed.

Before me, [signature]
Notary Public:
My Commission Expires:

CHRIS TADROS
Notary Public
State of Rhode Island
My Commission Expires August 28, 2009

Return Address: *Tapalian & Tadros*, 128 Dorrance Street, Suite 600C, Providence, Rhode Island 02903

[Notary seal: TADROS NOTARY PUBLIC]

EXHIBIT
3

Exhibit "A"

That certain lot or parcel of land with all the buildings and improvements thereon, situated on the westerly side of East Wallum Lake Road, in the Town of Burrillville, County of Providence, State of Rhode Island, and shown on that plan as Lot 1 and to be recorded and entitled [illegible] Plan of Lot 1 of 4 Lots owned by Northern Rhode Island Spring [illegible], Burrillville, Rhode Island, February 1985. Scale 1 inch equals 50 feet by Anthony E. Moscatelli, more particularly bounded and described as follows:-

Beginning at a point on said westerly line of East Wallum Lake Road and the most northeasterly corner of land owned by grantor and being the most southeasterly corner of the parcel hereby described;-

thence: N 02° - 47' - 59" W along said grantors land six hundred twenty seven and eighty four hundredths (627.84) feet.

thence: N 23° - 03' - 06" E along grantors land one hundred fifty five and fourteen hundredths (155.14) feet.

thence: S 8[illegible]° - 03' - 59" E along Hans and Sigrid Miller land five hundred eighty one and no hundredths (581.00) feet to the westerly side of East Wallum Lake Road.

thence: S 02° - 02' - 19" W along westerly side of East Wallum Lake Road ninety two and twenty five hundredths (92.25) feet.

thence: S 08° - 15' - 06" W fifty eight and thirteen hundredths (58.13) feet to the point of beginning, the last two lines bounding on said westerly side of East Wallum Lake Road.

As recorded in Plat Book 25, Page 52.

Containing 2.0879 acres.

FOR TITLE, SEE DEED AT BOOK 226, PAGE 9

PROPERTY ADDRESS: (FOR REFERENCE ONLY)
1436 EAST WALLUM LAKE ROAD
BURRILLVILLE, RI 02888

LOUISE R PHANEUF
TOWN OF BURRILLVILLE
TOWN CLERK
Aug 15,2007 09:04:00A

Return To:

Argent Mortgage Company, LLC
C/O Nationwide Title Clearing, Inc.
2100 Alt 19 North
Palm Harbor, FL 34683

Bk: 596 Pg: 179
INST: 00017884

Prepared By: Argent Mortgage Company, LLC

Rachid Lora
333 Westchester Avenue, 1st
Floor, White Plains, NY 10604

[Space Above This Line For Recording Data]

# MORTGAGE

DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated June 16, 2006 together with all Riders to this document.
(B) "Borrower" is JOHN E LACE Individually

Borrower is the mortgagor under this Security Instrument.
(C) "Lender" is Argent Mortgage Company, LLC

Lender is a Limited Liability Company organized and existing under the laws of Delaware



EXHIBIT
4

Bk: 596 Pg: 180

Lender's address is 3 Park Plaza - 10th Floor Irvine, CA 92614

Lender is the mortgagee under this Security Instrument.
(D) **"Note"** means the promissory note signed by Borrower and dated June 16, 2006
The Note states that Borrower owes Lender three hundred thousand and 00/100 Dollars (U.S. $300,000.00 ) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than July 1, 2036
(E) **"Property"** means the property that is described below under the heading "Transfer of Rights in the Property."
(F) **"Loan"** means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.
(G) **"Riders"** means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

| | | |
|---|---|---|
| [X] Adjustable Rate Rider | [ ] Condominium Rider | [ ] Second Home Rider |
| [ ] Balloon Rider | [ ] Planned Unit Development Rider | [ ] 1-4 Family Rider |
| [ ] VA Rider | [ ] Biweekly Payment Rider | [ ] Other(s) [specify] |

(H) **"Applicable Law"** means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.
(I) **"Community Association Dues, Fees, and Assessments"** means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.
(J) **"Electronic Funds Transfer"** means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.
(K) **"Escrow Items"** means those items that are described in Section 3.
(L) **"Miscellaneous Proceeds"** means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.
(M) **"Mortgage Insurance"** means insurance protecting Lender against the nonpayment of, or default on, the Loan.
(N) **"Periodic Payment"** means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.
(O) **"RESPA"** means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(P) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to Lender, with Mortgage Covenants upon the Statutory Condition and with the Statutory Power of Sale, the following described property located in the County [Type of Recording Jurisdiction]
of PROVIDENCE [Name of Recording Jurisdiction]:
EXHIBIT A ATTACHED HERETO AND MADE A PART HEREOF:

Parcel ID Number: Map 70 Lot 35
1436 East Wallum Lake Road which currently has the address of [Street]
BURRILLVILLE [City], Rhode Island 02808 [Zip Code]
("Property Address"):

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S.

Bk: 596 Pg: 192

26. Loan Fees. Borrower has paid the following brokerage fees, loan fees, points, finder's fees, origination fees or similar charges in connection with the loans secured by this Security Instrument:

| | |
|---|---|
| Origination - Discount Fees (points) | $ .00 |
| Application Fees | $ 395.00 |
| Processing Fees | $ .00 |
| Administrative Fees | $ .00 |
| Tax Service Fees | $ 70.00 |
| Flood Search Fees | $ 9.00 |
| Closing Preparation Fees | $ 295.00 |
| Underwriting Fee | $ 799.00 |
| | $ |

As provided in Rhode Island General Law Section 34-23-6, none of these fees will be refunded in the event the loan is prepaid in whole or in part.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Witnesses:

_____________________ JOHN K LACE (Seal) Borrower

_____________________

_____________________ (Seal) Borrower

_____________________ (Seal) Borrower

_____________________ (Seal) Borrower

0085836534 - 9602

Bk: 596 Pg: 193

STATE OF RHODE ISLAND, County ss: Providence

On this 16th (Day) day of June 2006 (Month/Year)

in Providence, in said County, before me, personally appeared

John K. Lace, Trustee

each and all to me known and known to me to be the person(s) executing the foregoing instrument and acknowledged said execution to be his/her/their free act and deed.

Notary Public

CHRIS TADROS
Notary Public
State of Rhode Island
My Commission Expires August [illegible]

*0085836534*

 0085836534 - 9602

09/18/2006 11:11:59 AM

400-15R1 (07/2005)Rev.01

Bk: 596 Pg: 194

## ADJUSTABLE RATE RIDER

**(LIBOR Six-Month-Index (As Published in the Wall Street Journal)- Rate Caps)**

**THIS ADJUSTABLE RATE RIDER is made this 16th day of June , 2006 and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to secure Borrower's Adjustable Rate Note (the "Note") to Argent Mortgage Company, LLC (the "Lender") of the same date and covering the property described in the Security Instrument and located at:**

1436 East Wallum Lake Road, BURRILLVILLE, RI 02868
[Property Address]

**THE NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN THE INTEREST RATE AND THE MONTHLY PAYMENT. THE NOTE LIMITS THE AMOUNT THE BORROWER'S INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE THE BORROWER MUST PAY.**

**ADDITIONAL COVENANTS.** In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

**A. INTEREST RATE AND MONTHLY PAYMENT CHANGES**
The Note provides for an initial interest rate of 10.350 %. The Note provides for changes in the interest rate and the monthly payments, as follows:

**4. INTEREST RATE AND MONTHLY PAYMENT CHANGES**

(A) Change Dates
The interest rate I will pay may change on the first day of July 2008 , and on that day every sixth month thereafter. Each date on which [illegible] could change is called a "Change Date."

(B) The Index
Beginning with the first Change Date, my [illegible] based on an Index. The "Index" is the average of interbank [illegible] dollar-denominated deposits in the London market ("LIBOR"), as published in the Wall Street Journal. The most recent Index figure available as of the date 45 days before each Change Date is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index which is based upon comparable information. The Note Holder will give me notice of this choice.

Initials_________

Loan Number: 0085836534 - 9602



05/16/2006 11:11:59 AM

Bk: 596 Pg: 195

**(C) Calculation of Changes**

Before each Change Date, the Note Holder will calculate my new interest rate by adding six percentage points ( 6.000 %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

**(D) Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than 12.350% or less than 10.350%. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than One( 1.000 %) from the rate of interest I have been paying for the preceding six months. My interest rate will never be greater than 16.350)% or less than 10.350)%.

**(E) Effective Date of Changes**

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F) Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given me and also the title and telephone number [illegible] will answer any question I may have regarding the notice.

B. TRANSFER OF THE PROPERTY OR A BENEFICIAL INTEREST IN BORROWER

Section 18 of the Security Instrument is amended to read as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

Loan Number: 0085836534 - 9002 Initials________

Bk: 596 Pg: 196

Exhibit "A"

That certain lot or parcel of land with all the buildings and improvements thereon, situated on the westerly side of East Wallum Lake Road in the Town of Burrillville, County of Providence, State of Rhode Island and shown on that plan as Lot 1 and to be recorded and entitled Subdivision Plan of Lot 1 of 4 Lots owned by Northern Rhode Island Sportsman Club, Burrillville, Rhode Island, February 1985. Scale 1 inch equals 50 feet by Anthony E. Kurcatelli, more particularly bounded and described as follows;-

Beginning at a point on said westerly line of East Wallum Lake Road and the most northeasterly corner of land owned by grantor and being the most southeasterly corner of the parcel hereby described;-

thence: N 88° - 49' - 59" W along said grantors land six hundred twenty seven and eighty four hundredths (627.84) feet.

thence: N 02° - 03' - 04" E along grantors land one hundred fifty five and fourteen hundredths (155.14) feet.

thence: S 88° - 49' - 59" E along Hans and Sigrid Miller land five hundred eighty one and no hundredths (581.00) feet to the westerly side of East Wallum Lake Road.

thence: S 03° - 07' - 19" W along westerly side of East Wallum Lake Road ninety two and twenty five hundredths (92.25) feet.

thence: S 08° - 15' - 05" W fifty eight and thirteen hundredths (58.13) feet to the point of beginning, the last two line bounding on said westerly side of East Wallum Lake Road.

As recorded in Plat Book 15, Page 52.

Containing 2.0379 acres.

FOR TITLE, SEE DEED AT BOOK 226, PAGE 9

PROPERTY ADDRESS: (FOR REFERENCE ONLY)
1436 EAST WALLUM LAKE ROAD
BURRILLVILLE, RI 02888

Bk: 596 Pg: 197

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by federal law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing. If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Adjustable Rate Rider.

John K. Lace (Seal) — Borrower JOHN K LACE

(Seal) — Borrower

(Seal) — Borrower

(Seal) — Borrower

Loan Number: 0095030834 - 9792



08/10/2006 11:31:50 AM

LOUISE R PHANEUF
TOWN OF BURRILLVILLE
TOWN CLERK
Aug 15,2007 09:04:58A

Bk: 580 Pg: 26
INST: 00016770

# WARRANTY DEED

JOHN K. LACE, TRUSTEE OF THE EAST WALLUM LAKE TRUST ("Grantor") for consideration paid, grant to LISA LACE, with a mailing address of 1436 East Wallum Lake Road, Burrillville, Rhode Island 02830, ("Grantee"), with WARRANTY COVENANTS:

That certain lot or parcel of land with all the buildings and improvements thereon, situated in the Town of Burrillville, County of Providence and State of Rhode Island, and more particularly described in Exhibit "A" attached hereto and made a part hereof.

The consideration for this transaction is $0.00

The grantor hereby certifies that the provisions of the smoke detector and carbon monoxide detector law, RIGL 23-28.35-1 have been complied with.

The undersigned hereby covenants that no RIGL 44-30-71.3 withholding is required as the grantor is a resident of the State of Rhode Island.

Witness my and seal this 8th of May, 2007.

THE EAST WALLUM LAKE TRUST

By: John K. Lace, Trustee
JOHN K. LACE, TRUSTEE

STATE OF RHODE ISLAND
PROVIDENCE, SC

In North Providence, RI, on the 8 day of May, 2007, before me personally appeared JOHN K. LACE, TRUSTEE OF THE EAST WALLUM LAKE TRUST, to me known and known by me to be the party executing the foregoing instrument and he acknowledges said instrument by him executed to be his free act and deed.

[illegible]
NOTARY PUBLIC
[illegible]
Name Printed
COMMISSION EXPIRES: 2/27/11

Property Address: [illegible] Address
1435 East Wallum Lake Road
Burrillville, RI 02830
Assessor's Plat 70, Lot 35

F:\Closing\Lace\Lace Warranty EWLT.doc

EXHIBIT
5

Bk: 580 Pg: 27

LOUISE R PHANEUF
TOWN OF BURRILLVILLE
TOWN CLERK
May 10,2007 02:45:56P

Exhibit "A"

That certain lot or parcel of land with all the buildings and improvements thereon, situated on the westerly side of East Wallum Lake Road in the Town of Burrillville, County of Providence, State of Rhode Island and shown on that plan as Lot 1 and to be recorded and entitled Subdivision Plan of Lot 1 of 4 Lots owned by Northern Rhode Island Sportsman Club, Burrillville, Rhode Island, February 1983. Scale 1 inch equals 50 feet by Anthony K. Ruscatelli, more particularly bounded and described as follows:-

Beginning at a point on said westerly line of East Wallum Lake Road and the most northeasterly corner of land owned by grantor and being the most southeasterly corner of the parcel hereby described:-

Thence: N 82° - 43' - 59" W along said grantors land six hundred twenty seven and eighty four hundredths (627.84) feet,

Thence: N 22° - 03' - 06" E along grantors land one hundred fifty five and fourteen hundredths (155.14) feet,

Thence: S 82° - 43' - 39" E along Hans and Sigrid Miller land five hundred eighty one and [illegible] hundredths (581.[illegible]) feet to the westerly side of East Wallum Lake Road,

Thence: S 02° - 07' - 19" W along westerly side of East Wallum Lake Road ninety two and twenty five hundredths (92.25) feet,

Thence: S 08° - 15' - 05" W fifty eight and thirteen hundredths (58.13) feet to the point of beginning, the last two line bounding on said westerly side of East Wallum Lake Road.

As recorded in Plat Book 15, Page 52.

Containing 2.0[illegible] acres.

[redacted]

[redacted]

[redacted]

Department of the Treasury - Internal Revenue Service

# Notice of Federal Tax Lien

February 2004)

| Area: | Serial Number | For Optional Use by Recording Office |
|---|---|---|
| SMALL BUSINESS/SELF EMPLOYED AREA #1<br>Lien Unit Phone: (800) 913-6050 | 341297107 | Bk: 564 Pg: 263 |

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

Name of Taxpayer JOHN K LACH

Residence 1436 E WALLUM LAKE RD
PASCOAG, RI 02859-1804

LOUISE F. PHANEUF
TOWN OF BURRILLVILLE
TOWN CLERK
Feb 13, 2007 11:06:19A

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/2001 | XXX-XX-5646 | 10/09/2006 | 11/08/2016 | 771.04 |
| 1040 | 12/31/2002 | XXX-XX-5646 | 10/02/2006 | 11/01/2016 | 2519.23 |
| 1040 | 12/31/2003 | XXX-XX-5646 | 09/11/2006 | 10/11/2016 | 1744.95 |

Place of Filing
TOWN CLERK
BURRILLVILLE TOWN HALL
HARRISVILLE, RI 02830

Total $ 5035.22

This notice was prepared and signed at MANHATTAN, NY, on this,

24th day of January, 2007.

Signature *R. A. Mitchell*
for ALEXANDER PASSARELLI

Title
REVENUE OFFICER 21-02-3436
(401) 826-4702

(NOTE: Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax lien Rev. Rul. 71-466, 1971 - 2 C.B. 409)

Part 1 - Kept By Recording Office

Form 668(Y)(c) (Rev. 2-2004)
CAT. NO 60026X

EXHIBIT

6