UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ARGENT MORTGAGE COMPANY, LLC, its successors and assigns including DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee of Argent Mortgage Securities, Inc., Asset-Based Pass Through Certificates, Series 2006-M2, Under the Pooling and Insurance Agreement Dates as of August 1, 2006, Without Recourse (Deutsche)<br><br>Plaintiff,<br><br>v.<br><br>EAST WALLUM LAKE TRUST; JOHN K. LACE, Individually and in his capacity as Trustee of the East Wallum Lake Trust; JOHN K. LACE, LISA LACE, and the UNITED STATES OF AMERICA (Department of the Treasury - Internal Revenue Service)<br><br>Defendants. | Civil Action No.: 08-110<br>(formerly civil action 08-0873,<br>Providence Superior Court) |

**DEFENDANT UNITED STATES' REQUEST FOR**
**ENLARGEMENT OF TIME TO SERVE RESPONSE TO COMPLAINT**

The defendant, the United States of America, by its attorney, Robert Clark Corrente, United States Attorney for the District of Rhode Island, hereby requests under Federal Rule of Civil Procedure 6(b)(1) an extension of time, up to and including May 26, 2008, to answer or otherwise respond to the complaint. In support thereof, the United States represents that the above-titled action was removed to this Court from the Providence Superior Court by a Notice of Removal filed on March 25, 2008. Rule 81(c) of the Federal Rules of Civil Procedure governs

the procedure in civil actions removed from the state courts to the United States district courts. Rule 81(c) first provides that the Federal Rules of Civil Procedure apply to removed cases. The Rule goes on to prescribe certain periods for the service of an answer or other responses, and the governing time period may be as short as five days after removal.

Rule 6(b)(1) of the Federal Rules of Civil Procedure permits the district courts to enter orders enlarging the time in which certain acts are required to be done or may be done. The United States and federal officers or employees are ordinarily afforded sixty days after service of a summons and complaint upon them to serve an answer or otherwise to defend in a civil action (*see, e.g.*, Rule 12(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 2410(b)). The United States has not been properly served in this case, because neither the Internal Revenue Service or the Rhode Island United States Attorney's Office have been provided with a summons and complaint. (*see, e.g.*, Rule 4(i) of the Federal Rules of Civil Procedure and 28 U.S.C. § 2410(b)). Because the United States has not had adequate time to prepare its response to the complaint due to improper service, the United States seeks a date 60 days from the date this action was removed to federal court. The enlargement requested here is consistent with the period provided by the federal rules and statutes.

Accordingly, pursuant to the provisions of Rule 6(b)(1) of the Federal Rules of Civil Procedure, the United States requests [1/] the entry of an order enlarging, to and including, May 26, 2008, the time in which the United States shall be permitted to serve an answer, a motion, or such other response as may be permitted by the Federal Rules of Civil Procedure, with respect to

---

[1/] The defendant seeks this enlargement of time pursuant to Rule 6(b)(1) of the Federal Rules of Civil Procedure *"before the expiration of the period originally prescribed."* That Rule provides that an enlargement may be sought under such circumstances *"with or without motion," i.e.,* by a timely "request." In contrast, an enlargement sought "*after the expiration of the specified period,"* may, under Rule 6(b)(2) of the Federal Rules of Civil Procedure, be sought only *"upon motion."* Thus, this timely request is properly distinguished from a motion, and, the United States submits, is exempt from the separate memorandum requirement of L.R. 7(a).

the complaint in the above-titled action. The May 26, 2008 date will afford the United States the sixty days that it normally has to answer or otherwise respond to the complaint.

In addition, the United States represents that enlargement is also needed to investigate the allegations in the complaint and to prepare a meaningful response to the allegations of the several paragraphs of the complaint.

ROBERT CLARK CORRENTE
United States Attorney

/s/ Alex T. Case
ALEX T. CASE
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6499
E-mail: Alex.T.Case@usdoj.gov

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on 3/26/08. /s/ Alex T. Case