UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

ARGENT MORTGAGE COMPANY, LLC, its successors and assigns including DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee of Argent Mortgage Securities, Inc., Asset-Based Pass Through Certificates, Series 2006-M2, Under the Pooling and Insurance Agreement Dates as of August 1, 2006, Without Recourse (Deutsche)

Plaintiff,

v.

EAST WALLUM LAKE TRUST; JOHN K. LACE, Individually and in his capacity as Trustee of the East Wallum Lake Trust; JOHN K. LACE, LISA LACE, and the UNITED STATES OF AMERICA (Department of the Treasury - Internal Revenue Service)

Defendants.

Civil Action No.: 08-110

JUDGE MARY M. LISI

**DEFENDANT UNITED STATES' ANSWER**

NOW COMES the defendant United States of America and submits this Answer and responds to plaintiff's complaint as follows:

**FIRST DEFENSE**

To the extent that the plaintiff requests an injunction restricting the ability of the United States to collect taxes owed to the United States, plaintiff's complaint is barred by the sovereign immunity of the United States as set forth in the Anti-injunction act, 26 U.S.C. §7421.

**SECOND DEFENSE**

To the extent that the plaintiff requests a declaratory judgement under 28 U.S.C. § 2201, no declaratory judgment can be obtained because the pleadings involve federal taxes.

**THIRD DEFENSE**

The plaintiff Argent Mortgage Company, LLC, lacks the capacity to sue on behalf of its "successors and assigns" or any other entity.

**FOURTH DEFENSE**

As for its fourth defense, the defendant United States responds to the separate paragraphs of the plaintiff' s complaint by stating and alleging as follows:

Jurisdiction

Un-numbered Paragraph. This action for declaratory judgment is brought pursuant to R.I.G.L. 156. §9-301, et seq, Rules 57 and 65, FRCP and 28USC32410(a)(1) and (2) [*sic*].

**RESPONSE**: The United States denies the allegations in this un-numbered paragraph, except admits that subject matter jurisdiction is proper under 28 U.S.C. § 1444.

Parties

1. ARGENT MORTGAGE COMPANY, LLC., its successors and assigns, (hereinafter, "Argent"), is a Delaware corporation duly authorized and doing business in the State of Rhode Island. The plaintiff is the successor or assignee of Argent and it's the current note and mortgage holder, DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee of Argent Mortgage Securities, Inc., Asset-Based Pass Through certificates, Series 2006-M2, Under the Pooling And Insurance Agreement Dated as of August 1, 2006, Without Recourse (hereinafter, "Deutsche").

Deutsche is a national trust company with a principal place of business, in care of its servicer, Citi Residential Lending, 10801 E. 6th Street, Suite 130, Rancho Cucamonca, California, 91730.

**RESPONSE**: The United States admits that Argent Mortgage Company, LLC, is a Delaware limited liability corporation authorized to conduct business in Rhode Island. The United States lacks information sufficient to form a belief as to the remaining allegations in paragraph 1.

2. Defendants John K. Lace, individually and John K. Lace in his capacity as Trustee of the East Wallum Lake Trust, the East Wallum Lake Trust and Lisa Lace (hereinafter, “defendants”) are, upon information and belief, residents of the State of Rhode Island.

**RESPONSE**: The United States lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 2.

3. Defendants THE UNITED STATES OF AMERICA (Department of the Treasury-Internal Revenue Service), is named herein as the alleged holder of a purported Federal tax lien in the amount of $5,035.22 dated on or about January 24, 2007, as against defendant John K. Lace of 1436 East Wallum Lake Road, Pascoag, RI 02857-1804. The United States of America (Department Treasury- Internal Revenue Service) is hereinafter, collectively, referred to “The IRS”. The Notice of Tax Lien was prepared and signed by the Revenue Office at Manhattan, New York, and was recorded in the Land Evidence Records of the Town Burrillville, Rhode Island, on or about February 13, 2007 (see Exhibit 6 attached).

**RESPONSE:** The United States admits the allegations contained in paragraph 3, except that it denies that the tax liens are in the amount of $5,035.22 for federal income taxes for the taxable periods ending 2001, 2002, and

2003, because statutory additions have accrued thereon. The United States avers that two additional notices of federal tax liens have been recorded with the Town Clerk at the Burrillville Town Hall in Burrillville, Rhode Island. The first notice of federal tax liens was recorded on January 16, 2002 for federal income taxes for the taxable periods ending December 31, 1990, 1991, 1992, 1993, 1994, 1995, 1996, 1997, and 1998, and the second notice of federal tax lien was recorded on August 9, 2005 for federal income taxes for the taxable period ending December 31, 1999. The United States further avers that as of April 30, 2008, John Lace is indebted to the United States in the amount of $75,164.07 for these tax debts; statutory additions continue to accrue.

Facts

4. On or about September 16, 1999, Paul R. Croteau conveyed, by Quit Claim Deed, real estate and improvements located at 1436 East Wallum Lake Road, Burrillville, Rhode Island (hereinafter, "the subject premises") to defendant John K. Lace, Trustee of the East Wallum Lake Trust (see deed recorded at Book 226, pp. 0009-0010 attached as Exhibit 1.).

**RESPONSE:** The United States admits that Exhibit 1 is attached to the complaint and that the deed contains the alleged information. The United States lacks information sufficient to form a belief as to the remaining allegations in paragraph 4.

5. Thereafter, in order to obtain funds from the plaintiff, defendant John K. Lace, in his capacity as Trustee of the East Wallum Lake Trust, issued and executed a Trustee's Certificate

on June 16, 2006 (Trustee's Certificate attached as Exhibit 2).

**RESPONSE:** The United States admits that Exhibit 2 is attached to the complaint and that the Trustee's Certificate appears to be issued and executed on June 16, 2006, by John K. Lace, in his capacity as Trustee of the East Wallum Lake Trust. The United States lacks information sufficient to form a belief as to the remaining allegations in paragraph 5.

6. On the same date, June 16, 2006, as a part of the same transaction, defendant John K. Lace, in his capacity as trustee of the East Wallum Lake Trust, executed a Quit-Claim Deed conveying the subject premises to John K. Lace (deed attached as Exhibit 3).

**RESPONSE:** The United States admits that Exhibit 3 is attached to the complaint and that a Quit-Claim Deed for the subject property appears to have been executed on June 6, 2006, by John K. Lace, in his capacity as trustee of the East Wallum Lake Trust, to John K. Lace. The United States lacks information sufficient to form a belief as to the remaining allegations in paragraph 6.

7. Having obtained transfer of the premises, defendant Lace individually obtained funds in the amount of $300,000.00 from the plaintiff and executed a mortgage in favor of ARGENT, its successors and assigns, which was intended to fully secure the loan. The mortgage was executed and delivered on June 16, 2006 (copy of mortgage attached as Exhibit 4).

**RESPONSE:** The United States admits that Exhibit 4 is attached to the complaint and that a mortgage appears to have been executed on June 16, 2006, by John K. Lace to Argent Mortgage. The United States lacks information

sufficient to form a belief as to the remaining allegations in paragraph 7.

8. Defendants John K. Lace and Lisa Lace, upon information and belied, are related and resided together at the subject premises at all times relevant and were fully aware of the above transactions.

**RESPONSE:** The United States lacks information sufficient to form a belief as to the truth of the allegations in paragraph 8.

9. Although John K. Lace has, in his capacity as Trustee, previously conveyed the premises to John K. Lace, individually, on June 16, 2006, who then mortgaged the premises to plaintiff as aforesaid, the defendant, John K. Lace as Trustee, purportedly executed a Warranty Deed of the subject premises to defendant Lisa Lace for “0.00" consideration on or about May 8, 2007. Said deed was recorded at Book 580, pp. 26- 27, on May 10, 2007 (deed attached as Exhibit 5).

**RESPONSE:** The United States admits that Exhibit 5 is attached to the complaint and that a Warranty Deed appears to have been executed on or about May 8, 2007, for the subject premises by John K. Lace as Trustee to Lisa Lace and was recorded at Book 580, pp. 26-27 on May 10, 2007. The United States lacks information sufficient to form a belief as to the remaining allegations in paragraph 9.

10. When defendant John K. Lace became in default of his mortgage obligations, the plaintiff learned that the Quit-Claim Deed from the Trust to Lace individually (Exhibit 3) and the plaintiff’s first security mortgage (Exhibit 4) were unrecorded. The plaintiff promptly recorded the mortgage on August 15, 2007, along with the Trustee’s Certificate and Quite-Claim Deed, all

as originally intended on June 16, 2006 (see Exhibits 2,3, and 4).

**RESPONSE:** The United States admits that Quit-Claim Deed, Trustee's Certificate, and mortgage were all recorded on August 15, 2007. The United States lacks information sufficient to form a belief as to the remaining allegations in paragraph 10.

11. At or about the time of recordation of the mortgage, the plaintiff learned that the defendants had attempted to convert, transfer or convey the premises for no consideration by reason of the intervening recorded deed to defendant Lisa Lace (Exhibit 5). The Plaintiff alleges that the transfer to Lisa Lace was disingenuous, false, fraudulent, without consideration and, accordingly, did not terminate the priority encumbrance of Argent and its successors, as intended.

**RESPONSE**: The United States lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 and avers that "defendants" has been defined to not include the United States.

12. The defendants concealed their fraudulent activities and did not advise the plaintiff of their actions. On or about August of 2007, plaintiff conducted a title search which revealed the above fraudulent activities. The title search also revealed that the defendant, United States of America (Department of Treasury, Internal Revenue Service), had, on or about January 24, 2007, filed a Notice of Federal Lien against defendant John K. Lace (see Notice of Tax Lien attached as Exhibit 6).

**RESPONSE**: The United States lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 and avers that "defendants" has been defined to not include the United States.

13. Said tax lien was filed after the purchase money or security interest of the plaintiff came into existence.

**RESPONSE:** The United States denies the allegations in paragraph 13.

14. The plaintiff is now unable to safely foreclose upon its valid and pre-existing mortgage interests without the declaratory and injunctive assistance of this Court.

**RESPONSE**: The United States lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 14.

15. In addition, the plaintiff was obliged to expend significant sums in attorneys' and other fees, expenses and costs in connection with resolving the claims resulting form the actions of the defendants.

**RESPONSE:** The United States lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 15.

**Count I**
**(Directed to All Defendants Other Than the United States)**

16. Paragraphs 1-15 are incorporated herein by reference.

**RESPONSE:** The United States realleges its responses to paragraphs 1 through 15 of the complaint as if fully set forth herein.

17. The various acts and concealment of the defendants as aforesaid were criminal in nature and otherwise fraudulent.

**RESPONSE:** The United States lacks information sufficient to form a belief as to the truth of the allegations in paragraph 17 and avers that "defendants" has been defined to not include the United States.

18. The defendants knowingly participated in and sought to deceive and to profit by the aforementioned fraudulent acts, representations and concealment.

**<u>RESPONSE:</u>** The United States lacks information sufficient to form a belief as to the truth of the allegations in paragraph 18 and avers that "defendants" has been defined to not include the United States.

19. As a result thereof, the plaintiff was greatly damaged as aforesaid.

**<u>RESPONSE:</u>** The United States lacks information sufficient to form a belief as to the truth of the allegations in paragraph 19.

**<u>Count II - Injunction</u>**
**<u>(Directed to All Defendants)</u>**

20. Paragraphs 1-18 are incorporated herein by reference.

**<u>RESPONSE:</u>** The United States realleges its responses to paragraphs 1 through 18 of the complaint as if fully set forth herein.

21. The deed from defendant John Lace, Trustee, to Lisa Lace (Exhibit 1) did not validly convey the subject premises, was fraudulent, was not supported by consideration and was otherwise invalid as a matter of law and equity.

**<u>RESPONSE:</u>** The United States denies that the alleged deed from defendant John Lace, Trustee, to Lisa Lace, is Exhibit 1 and lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 21.

22. The alleged transfer to Lisa Lace improperly constitutes a cloud on title of the petitioner.

**RESPONSE:** The United States lacks information sufficient to form a belief as to the truth of the allegations in paragraph 22.

23. The plaintiff's security interest came into existence for valid consideration on June 16, 2006 and represented purchase money security advanced by a bona fide mortgage and lender, without knowledge of the subsequently recorded IRS lien.

**RESPONSE:** The United States denies the allegations in paragraph 23.

24. As a result of the subsequent recordation of the IRS Notice and the false recordings, statements and other actions of the defendants other that the United States, the plaintiff has been irreparably harmed, cannot foreclose upon or freely alienated the property, will lose its property interests, will continue to suffer clouds on title, will be unable to safely bid its interests at foreclosure and will suffer other immediate and irreparable harm.

**RESPONSE:** The United States denies the allegations in paragraph 24 to the extent that plaintiff alleges that filing any notice of federal tax lien harmed the plaintiff and lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 24.

25. The petitioner has not adequate remedy at law and has strong probability of success on the merits of its claims.

**RESPONSE:** The United States denies the allegations in paragraph 25.

## Count III
## Declaratory Judgment- Title and Priority of Interests
## (Directed to All Defendants)

26. Paragraphs 1 through 25 are incorporated herein by reference.

**RESPONSE:** The United States realleges its responses to paragraphs 1 through 25 of the complaint as if fully set forth herein.

27. The deed to defendant Lisa Lace is legally and equitably ineffective, void, cancelled and discharged or equitably subordinated to the mortgage interests of the petitioner.

**RESPONSE:** The United States lacks information sufficient to form a belief as to the truth of the allegations in paragraph 27.

28. The subject deed to Lisa Lace (Exhibit 5) is not supported by consideration as to the alleged transfer of the subject property.

**RESPONSE:** The United States lacks information sufficient to form a belief as to the truth of the allegations in paragraph 28.

29. The subject deed to Lisa Lace (Exhibit 5) did not, on its face, properly transfer the subject premises from the true owner and, accordingly, is ineffective as a conveyance.

**RESPONSE:** The United States lacks information sufficient to form a belief as to the truth of the allegations in paragraph 29.

30. The Notice of Tax Lien (Exhibit 6) was filed after the valid interest of the plaintiff came into existence.

**RESPONSE:** The United States denies the allegations in paragraph 30.

31. The subject deed to defendant Lisa Lace (Exhibit 5) and the IRS tax lien (Exhibit 6) should be declared null, void, cancelled, discharged or subordinated in law and in equity to prevent manifest injustice and irreparable harm to the plaintiff and to prevent the unjust enrichment of the defendants. All such declaration should be declared effective as of the original transactions with the plaintiff, June 16, 2006.

**RESPONSE:** The United States denies that the IRS tax lien should be declared null, void, cancelled, discharged, or subordinated in law and in equity to prevent injustice and irreparable harm. The United States lacks information sufficient to form a belief as to the remaining allegations in paragraph 31.

32. The plaintiff has not adequate remedy law.

**RESPONSE:** The United States lacks information sufficient to form a belief as to the truth of the allegations in paragraph 32.

**Count IV**
**Slander of Title**
**(Directed to All Defendants Other Than the United States**

33. The petitioner incorporates by reference the allegations contained in paragraphs 1 through 32 of Counts I, II and III.

**RESPONSE:** The United States realleges its responses to paragraphs 1 through 32 of the complaint as if fully set forth herein.

34. The defendants' actions have slandered the petitioner's title and mortgage interests to the subject property, and the petitioner has suffered consequential damages resulting therefrom.

**RESPONSE:** The United States lacks information sufficient to form a belief as to the truth of the allegations in paragraph 34 and avers that "defendants" has been defined to not include the United States.

**Count IV**
**Slander of Title**
**(Directed to All Defendants Other Than the United States)**

35. Petitioner incorporates by reference the allegations contained in paragraphs 1 through 34 of Counts I through IV.

**RESPONSE:** The United States realleges its responses to paragraphs 1 through 34 of the complaint as if fully set forth herein.

36. The actions and filings in the Land Evidence Records are maintained by the defendants although they have no actual or bona fide claim of a priority interest in title to the subject property now and at the time of said actions, filings and proceedings.

**RESPONSE:** The United States lacks information sufficient to form a belief as to the truth of the allegations in paragraph 36 and avers that "defendants" has been defined to not include the United States.

37. The actions and filings of defendants were improper in that they were trying to seek a collateral advantage as a result thereof.

**RESPONSE:** The United States lacks information sufficient to form a belief as to the truth of the allegations in paragraph 37 and avers that "defendants" has been defined to not include the United States.

38. The actions of defendants are improper in that they were intended for the unlawful purpose of embarrassing, dispossessing and preventing the petitioner from fully enjoying and foreclosing upon its priority interest on the property and for the purpose of interfering with known contractual relations.

**RESPONSE:** The United States lacks information sufficient to form a belief as to the truth of the allegations in paragraph 38 and avers that "defendants" has been defined to not include the United States.

39. The actions by defendants constitute an abuse of process.

**RESPONSE:** The United States lacks information sufficient to form a belief as to the truth of the allegations in paragraph 39 and avers that "defendants" has been defined to not include the United States.

**Count VI**
**Bad Faith/ Malicious Use of Process**
**(Directed to All Defendants Other Than the United States)**

40. The petitioner incorporates by reference the allegations contained in paragraphs 1 through 39 of the Counts I through V.

**RESPONSE:** The United States realleges its responses to paragraphs 1 through 39 of the complaint as if fully set forth herein.

41. The actions and filings by defendants were made without probable cause.

**RESPONSE:** The United States lacks information sufficient to form a belief as to the truth of the allegations in paragraph 41 and avers that "defendants" has been defined to not include the United States.

42. The actions and filings by defendants were made maliciously and in bad faith.

**RESPONSE:** The United States lacks information sufficient to form a belief as to the truth of the allegations in paragraph 42 and avers that "defendants" has been defined to not include the United States.

43. The actions defendants constitute a malicious use of process.

**RESPONSE:** The United States lacks information sufficient to form a belief as to the truth of the allegations in paragraph 43 and avers that "defendants" has been defined to not include the United States.

44. As a result of said filings, plaintiff has suffered consequential damages.

**RESPONSE:** The United States lacks information sufficient to form a belief as to the truth of the allegations in paragraph 44.

**Count VII**
**Equitable Subordination and Discharge**
**(Directed to All Defendants)**

45. Paragraphs 1 through 44 are incorporated herein by reference.

**RESPONSE:** The United States realleges its responses to paragraphs 1 through 44 of the complaint as if fully set forth herein.

46. The proceeds of the closing dated June 16, 2006, were directly actually paid by the petitioner as purchase money and/or to pay off obligations in the aggregate amount of Three Hundred Thousand Dollars ($300,000.00) which were prior in time and priority to the alleged interests of the defendants.

**RESPONSE:** The United States denies there are claims prior in time and priority to the claims of the United States and lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 46.

47. Additional proceeds were paid directly to satisfy other interest which were, in equity, superior in priority to the alleged Argent mortgage.

**RESPONSE:** The United States lacks information sufficient to form a belief as to the truth of the allegations in paragraph 47.

48. Any remaining interests of defendants are, accordingly, equitably and legally subordinated to the petitioner's subrogation rights and priority interests.

**RESPONSE:** The United States denies the allegations in paragraph 48 to the extent that the allegations are directed at the defendant United States and lacks information sufficient to form a belief as to the remaining allegations in paragraph 48.

WHEREFORE, the defendant United States of America demands judgment dismissing the plaintiff's complaint and such other and further relief as this Court deems just and proper.

ROBERT CLARK CORRENTE
United States Attorney

/s/ Austin L. Furman
AUSTIN L. FURMAN
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-2007
E-mail: Austin.L.Furman@usdoj.gov

**CERTIFICATE OF SERVICE**

I CERTIFY that service of the foregoing DEFENDANT UNITED STATES' ANSWER has this 23rd day of May, 2008, been made upon the following by depositing a copy in the United States mail, postage prepaid, addressed to:

James P. Marusak
Gidley, Sarli & Marusak, LLP
One Turks Head Place, Suite 900
Providence, Rhode Island 02903

East Wallum Lake Trust
c/o John K. Lace
1436 East Wallum Lake Road
Pascoag, Rhode Island 02857

John K. Lace
1436 East Wallum Lake Road
Pascoag, Rhode Island 02857

Lisa Lace
1436 East Wallum Lake Road
Pascoag, Rhode Island 02857

/s/ Austin L. Furman
AUSTIN L. FURMAN
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-2007
E-mail: Austin.L.Furman@usdoj.gov