UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
ARGENT MORTGAGE COMPANY, LLC, its      :
successors and assigns, including      :
Deutsche Bank Trust Company, as        :
Trustee of Argent Mortgage             :
Securities, Inc., Asset-Based Pass     :
through certificates, Series           :
2006-M2, Under the Pooling and         :
Insurance Agreement Dated as of        :
August 1, 2006, Without Recourse,      :
                    Plaintiff,         :
                                       :
     v.                                :     CA 08-110 ML
                                       :
EAST WALLUM LAKE TRUST; JOHN K.        :
LACE, Individually and in his          :
capacity as Trustee of the East        :
Wallum Lake Trust; JOHN K. LACE;       :
LISA LACE; and THE UNITED STATES OF    :
AMERICA (Department of the Treasury    :
- Internal Revenue Service), DAVID     :
TAPALIAN; CHRIS TADROS, TAPALIAN &     :
TADROS, P.C.; MARILYN A. JACKVONY;     :
and JACKVONY AND JACKVONY, INC.,       :
et al.,                                :
                    Defendants.        :
```

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

    Before the Court is Plaintiff's Motion, Pursuant to F.R.C.P. 37, for Default Judgment against John K. Lace, Individually and in his Capacity as Trustee of the East Wallum Lake Trust, East Wallum Lake Trust, and Lisa Lace for Failure to Comply with Discovery (Docket ("Dkt.") #51) ("Motion for Default Judgment" or "Motion").  The Motion has been referred to me for preliminary review, findings, and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  A hearing was held on May 17, 2010.  For

the reasons stated below, I recommend that the Motion be granted.

**I. Facts**

This is a declaratory judgment/title clearing action which was removed from the Rhode Island Superior Court to this venue on March 25, 2008, by Defendant United States of America ("IRS"). See Memorandum in Support of Plaintiff's Motion for Entry of Default Judgment as against Defendants John K. Lace, Individually and in his capacity as Trustee of the East Wallum Lake Trust, East Wallum Lake Trust, and Lisa Lace Pursuant to Rule 37, F.R.C.P. ("Plaintiff's Mem.") at 1; see also United States of America's Notice of Removal to the United States District Court for the District of Rhode Island (Dkt. #1) ("Notice of Removal"). The real estate which is the subject of the instant action is located at 1436 East Wallum Lake Road in Burrillville, Rhode Island (the "Subject Property"). See Amended Verified Complaint for Declaratory and Injunctive Relief ("Amended Complaint") (Dkt. #14) ¶ 4.

It appears that Defendant John K. Lace ("Mr. Lace") owed delinquent taxes for successive years beginning in 1990. See Plaintiff's Mem. at 1. Notices of federal tax liens, which identified the taxpayer as "John Lace," were filed in the Town of Burrillville in July 2001, January 2002, and August 2005. See id.; see also Amended Complaint, Exhibits ("Exs.") 6B – 6D. A notice of lien identifying taxpayer as "John K. Lace" was filed

in February 2007.  See Amended Complaint, Ex. 6A.  The notices covered all the years from 1990 to 2003 except for 2000.  See Plaintiff's Mem. at 1-2.  Only the February 2007 notice identified Mr. Lace's residence as "1436 E WALLUM LAKE RD[.]"[1] Amended Complaint, Ex. 6A.  The July 2001 and January 2002 notices listed his residence as "1646 E WALLUM LAKE RD," id., Exs. 6C and 6D, while the August 2005 notice stated that he resided at "44 RIVER ST," id., Ex. 6B.  Although the Subject Property was held in the name of "John K. Lace, Trustee of the East Wallum Lake Trust" from 1999 until May of 2007, none of the notices named or referenced that entity.  See Plaintiff's Mem. at 2.

In June of 2006, while the Subject Property was held in the name of the East Wallum Lake Trust (the "Trust"), Mr. Lace, individually, sought funding for the purchase of the Subject Property from Plaintiff, a lending institution.  See id.  At the closing on the loan being made by Plaintiff, the Trust executed a conveyance of the property to Mr. Lace.  See id.  After Mr. Lace executed a mortgage on the Subject Property in Plaintiff's favor, $300,000.00 in funds belonging to Plaintiff were advanced to Mr.

---

[1] Plaintiff states in its memorandum that "[o]nly the last such notice (February, 2007) identified the subject property – '1436 East Wallum Lake Road'."  Plaintiff's Mem. at 2.  While it is true that only the last notice identified the Subject Property, for the sake or exactness the Court notes that the identification stated in the February 2007 notice is "1436 E WALLUM LAKE RD," Amended Complaint, Ex. 6A, and not "1436 East Wallum Lake Road," Plaintiff's Mem. at 2.

Lace.  See id.  The closing attorneys did not pay any of the outstanding tax liens and released the loan proceeds directly to Mr. Lace, who also did not pay the liens.  See id.

Complicating matters, the deed of conveyance from the Trust to Mr. Lace and Plaintiff's security mortgage were not recorded until over one year later, in August 2007, after Mr. Lace had defaulted on his loan obligations and after a title search conducted for Plaintiff revealed the title defect.  See Plaintiff's Mem. at 2; see also Amended Complaint ¶ 10; id., Exs. 2, 3, 4.  At that time, it was also learned that the Trust, through Mr. Lace as trustee, had conveyed the property on or about May 8, 2007, to Lisa Lace ("Mrs. Lace") for no consideration.  See Plaintiff's Mem. at 2.

This action was brought in 2008 to correct various title infirmities created by, among others, the inappropriate conveyances of Mr. Lace, the Trust, and Mrs. Lace.  See id.  At that time, Plaintiff first learned that the IRS asserted a claim against Mr. Lace which now exceeds $78,401.55.  See id.

**II.  Travel**

Plaintiff commenced the instant action in or around February 2008.  See Notice of Removal, Attachment ("Att.") 1 (Complaint). Mr. Lace filed his answer on March 7, 2008.  See State Court Record (Dkt. #9), Att. 1 (Answer to Summons/Answer to Complaint). Mrs. Lace was served, see Affidavit and Memorandum in Support of

Application to Clerk for Entry of Default as to Defendant, Lisa Lace ("Marusak Aff. of 10/9/09"),[2] but she failed to file an answer or otherwise defend, see Entry of Default as to Defendant, Lisa Lace (Dkt. #39).  Default was entered against her on October 30, 2009.  See id.  The Trust was also served, see Affidavit and Memorandum in Support of Application to Clerk for Entry of Default as to Defendant East Wallum Lake Trust (Dkt. #48) ("Marusak Aff. of 3/8/10"), Att. 1 (Summons), but similarly failed to answer or otherwise defend the action, see Dkt.; see also Order Directing Clerk to Enter Default (Dkt. #57).  The same is true for Mr. Lace.  Mr. Lace was served individually and in his capacity as Trustee, see Summons; see also Affidavit and Memorandum in Support of Application to Clerk for Entry of Default as to Defendant-in-Crossclaim John K. Lace ("Bodurtha Aff. of 11/23/09"),[3] and default was entered against him on December 11, 2009, for his failure to plead or otherwise defend the action,[4] see Docket; see also Entry of Default as to Defendant-in-Crossclaim, John Lace (Dkt. #44).

The parties engaged in discovery, but Mr. Lace did not

---

[2] The Marusak Aff. of 10/9/09 was filed in support of Dkt. #36.

[3] The Bodurtha Aff. of 11/23/09 was filed in support of Dkt. #42.

[4] Mr. Lace filed an answer to Plaintiff's original complaint in the state superior court.  See Answer to Summons/Answer to Complaint.  However, he did not file an answer or otherwise respond to the Amended Complaint which Plaintiff filed in this Court on April 10, 2009, and which was mailed to Mr. Lace the same date.  See Certification (Dkt. #15).

5

respond to Plaintiff's interrogatories and requests for production of documents.  <u>See</u> Plaintiff's Mem. at 3.  This resulted in Plaintiff filing a motion to compel which was granted on December 4, 2009, by Chief Judge Mary M. Lisi, <u>see</u> Dkt.  However, Mr. Lace still did not provide the discovery which Judge Lisi had ordered.

A deposition of Mr. Lace was scheduled by three named defendants for December 11, 2009, at which Mr. Lace was absent without explanation.  <u>See</u> Plaintiff's Mem., Ex. D (Deposition Transcript of 12/10/09).  Further, Mr. Lace failed to attend another deposition scheduled by Plaintiff for January 12, 2010, which was noticed to take the deposition of the Trust, of Mr. Lace in his capacity as Trustee, and of Mr. Lace individually.  <u>See</u> <u>id.</u>, Ex. F (Deposition Transcript of 1/12/10).  Additionally, Mrs. Lace failed to appear for her deposition by Plaintiff scheduled for January 14, 2010.  <u>See</u> <u>id.</u>, Ex. E (Deposition Transcript of 1/14/10).

Plaintiff filed the instant Motion for Default Judgment on March 11, 2010.  The Court conducted a hearing on the Motion on May 17, 2010, and thereafter took the matter under advisement.

I**II.  Jurisdiction**

As an initial matter, when judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to assure itself that it has

6

jurisdiction over both the subject matter and the parties. See Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy, 242 F.3d 322, 324 (5th Cir. 2001); In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999); Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp., 115 F.3d 767, 772 (10th Cir. 1997); Williams v. Life Sav. & Loan, 802 F.2d 1200, 1203 (10th Cir. 1986); see also Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 50 (1st Cir. 2002)("To hear a case, a court must have personal jurisdiction over the parties, 'that is, the power to require the parties to obey its decision.'")(quoting United States v. Swiss Am. Bank, Ltd., 191 F.3d 30, 35 (1st Cir. 1999)); Letelier v. Republic of Chile, 488 F.Supp. 665, 668 (D.D.C. 1980)(holding that issue of subject matter jurisdiction should be fully explored despite previous entry of default); cf. Hugel v. McNell, 886 F.2d 1, 3 n.3 (1st Cir. 1989)("[W]here the court rendering the default judgment is shown to lack personal jurisdiction over the defendant, ... the judgment may be vacated and set aside by the rendering court on motion, or by another court on collateral attack.")(quoting 6 Moore's Federal Practice ¶ 55.09)(second alteration in original). Accordingly, this Court examines the existence of both subject matter and personal jurisdiction in this action.

   **A.   Subject Matter Jurisdiction**

   This action was removed to this Court by the IRS "pursuant

to the provisions of 28 U.S.C. § 1442(a)(1)[5] as it is brought against the United States, and 28 U.S.C. § 1444,[6] as it appears to be an action [to] quiet title brought against the United States under the provisions of 28 U.S.C. § 2410.[7]"  Notice of

---

[5] 28 U.S.C. § 1442 states in relevant part:

>  (a) A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
>  (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C. § 1442(a)(1).

[6] 28 U.S.C. § 1444 states:

> Any action brought under section 2410 of this title against the United States in any State court may be removed by the United States to the district court of the United States for the district and division in which the action is pending.

28 U.S.C. § 1444.

[7] 28 U.S.C. § 2410 provides in relevant part:

> (a) Under the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter--
>
> (1) to quiet title to,
>
> (2) to foreclose a mortgage or other lien upon,
>
> (3) to partition,

Removal at 2. Accordingly, I find that subject matter jurisdiction exists.

### B. Personal Jurisdiction

Both Mr. Lace and Mrs. Lace are residents of Rhode Island. See Amended Complaint ¶ 2a; id. ¶ 8 (stating that Mr. Lace and Mrs. Lace "are related and resided together at the subject premises at all times relevant ..."); see also Brockton Sav. Bank v. Peat, Marwick, Mitchell & Co., 771 F.2d 5, 13 (1st Cir. 1985) ("default having been entered, each of [plaintiff]'s allegations of fact must be taken as true"); cf. Ortiz-Gonzalez v. Fonovisa, 277 F.3d 59, 62-63 (1st Cir. 2002)("A defaulting party is taken to have conceded the truth of the factual allegations in the complaint as establishing the grounds for liability as to which damages will be calculated."). As Mr. Lace is the Trustee of the Trust, see Amended Complaint ¶ 2a, and the Subject Property, which presumably constitutes the corpus of the Trust, is located in Rhode Island, I find that the Court has personal jurisdiction over Mr. Lace, Mrs. Lace, and the Trust.

---

(4) to condemn, or

(5) of interpleader or in the nature of interpleader with respect to,

real or personal property on which the United States has or claims a mortgage or other lien.

28 U.S.C. § 2410(a).

**C. Service of Process**

"It is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default or a default judgment may be entered against a defendant." Maryland State Firemen's Ass'n v. Chaves, 166 F.R.D. 353, 354 (D. Md. 1996); see also Griffin v. Foti, No. Civ.A. 03-1274, 2003 WL 22836493, at *1 (E.D. La. Nov. 24, 2003)(holding that entry of default judgment against defendant who has never been served is not appropriate); Perafan-Homen v. Hasty, No. 00 Civ. 3883(RWS), 2000 WL 1425048, at *1-2 (S.D.N.Y. Sept. 26, 2000)(denying motion for default judgment because only proper defendant was never served); cf. Fed. R. Civ. P. 12(a)(1)(A)(requiring defendant to serve answer "within 20 days *after being served with the summons and complaint* ...")(italics added); Fed. R. Civ. P. 55(a) (providing for entry of default where party "fail[s] to plead or otherwise defend as provided by these rules ..."). "Before a default can be entered, the court must have jurisdiction over the party against whom the judgment is sought, which also means that the party must have been effectively served with process." 10A Charles Alan Wright et al., Federal Practice and Procedure § 2682 (3d ed. 1998)(footnote omitted).

Based on the information contained in the Marusak Aff. of 3/8/10, the Marusak Aff. of 10/9/09, and the summonses, I find: 1) that on February 16, 2008, Mr. Lace and the Trust (via Mr.

Lace as Trustee) were personally delivered a copy of the summons and Complaint in this action; 2) that on February 16, 2008, Mrs. Lace was served by leaving a copy of the summons and Complaint at her residence; and 3) that this service complied with Fed. R. Civ. P. 4(e)(2)(A) and (B). Therefore, the Court has personal jurisdiction over Mr. Lace, Mrs. Lace, and the Trust in that they have been served with process in accordance with Fed. R. Civ. P. 4(e)(2)(A) and B.

**IV. Discussion**

**A. Mr. Lace**

As already stated, Mr. Lace failed to respond to Plaintiff's interrogatories and requests for production despite being ordered by Judge Lisi to do so. See Travel supra at 5-6. The failure to respond to properly served interrogatories and requests for discovery is sanctionable pursuant to Fed. R. Civ. P. 37(d)(1)(A). The failure to comply with a discovery order is sanctionable pursuant to Rule 37(b)(2)(A).[8]

---

[8] "[A] party's disregard of a court order is a paradigmatic example of extreme misconduct." Torres-Vargas v. Pereira, 431 F.3d 389, 393 (1st Cir. 2005); see also Malot v. Dorado Beach Cottages Assocs., 478 F.3d 40, 44 (1st Cir. 2007)("Without a doubt, the disregard of court orders qualifies as extreme behavior ...."); Young v. Gordon, 330 F.3d 76, 81 (1st Cir. 2003)("[D]isobedience of court orders is inimical to the orderly administration of justice and, in and of itself, can constitute extreme misconduct.")(citing Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 46 (1st Cir. 2002); Cosme Nieves v. Deshler, 826 F.2d 1, 2 (1st Cir. 1987)). Thus, "a party flouts a court order at his peril." Torres-Vargas, 431 F.3d at 393; accord Young v. Gordon, 330 F.3d at 82 ("[I]t is

11

Also as previously noted, Mr. Lace failed to attend two properly noticed depositions. See Travel supra at 6. Such behavior is specifically sanctionable pursuant to Rule 37(d)(1), and the type of sanctions available include any of those described in Rule 37(b)(2)(A)(i)-(vi), including entry of default judgment.

**B. The Trust and Mrs. Lace**

Both the Trust and Mrs. Lace failed to appear for their properly noticed depositions. See Travel supra at 6. Although such failure constitutes a single sanctionable act (and not the multiple failures of which Mr. Lace is guilty), the Court cannot ignore the close and obvious relationship which exists among the three defendants. Mr. Lace is the Trustee of the Trust, and he is the husband of Mrs. Lace.[9] As previously noted, Mr. Lace and Mrs. Lace resided in the Subject Property at all times relevant to the actions described in the Amended Complaint, see Amended Complaint ¶ 8, and they "were fully aware of the ... transactions [alleged therein]," id. While the Court would ordinarily be

---

axiomatic that 'a litigant who ignores a case-management deadline does so at his peril.'")(quoting Rosario-Diaz v. Gonzalez, 140 F.3d 312, 315 (1st Cir. 1998)).

Domestic Bank v. Global Equity Lending, Inc., et al., CA 07-355 S, Memorandum and Order Granting Motion for Entry of Default, slip op. at 22-23 (D.R.I. Apr. 2, 2010)(first, second, and third alterations in original).

[9] The summons served upon Mrs. Lace reflects that a copy of it and the complaint were left at "her dwelling house" and that they were "Rec. By John Lace (husband)." Summons.

reluctant to recommend the extreme sanction of default judgment against a defendant for a single discovery failure, here the close relationship between Mr. Lace, Mrs. Lace, and the Trust persuades the Court that unless default judgment is entered against all three Defendants, Plaintiff will not obtain the relief it seeks and Mr. Lace will not be adequately sanctioned.

### C. Default Judgment as a Sanction

> The entry of a default judgment "provides a useful remedy when a litigant is confronted by an obstructionist adversary and plays a constructive role in maintaining the orderly and efficient administration of justice." KPS & Assocs., Inc. v. Designs by FMC, Inc., 318 F.3d 1, 13 (1st Cir. 2003)(quotation marks and citation omitted). Nonetheless, it is a "drastic" sanction, Affanato v. Merrill Bros., 547 F.2d 138, 140 (1st Cir. 1977) (quotation marks and citation omitted), that runs contrary to the goals of resolving cases on the merits and avoiding "harsh or unfair results." KPS & Assocs., 318 F.3d at 13 (quotation marks and citation omitted). "Since default judgments implicate sharply conflicting policies ... the trial judge, who is usually the person most familiar with the circumstances of the case and is in the best position to evaluate the good faith and credibility of the parties, is entrusted with the task of balancing these competing considerations." Id. (quotation marks and citation omitted).

Remexcel Managerial Consultants, Inc. v. Arlequin, 583 F.3d 45, 51 (1st Cir. 2009)(alteration in original).

Because of Mr. Lace's multiple violations of his discovery obligations and also his disregard of Judge's Lisi's December 4, 2009, order, I recommend that default judgment be entered against him as set forth in the following section. I further recommend that default judgment be entered against the Trust and Mrs. Lace

for failing to attend their properly noticed depositions. Default judgment as to them is warranted because of their close relationship to Mr. Lace and such sanction is required in order to give Plaintiff the relief it seeks. The Court has considered lesser sanctions, but has concluded that default judgment is the only effective sanction in the circumstances presented.

**D.   Recommended Default Judgement**

I recommend that default judgment be entered against Mr. Lace, Mrs. Lace, and the Trust:

1.   enjoining each of them from alienating or conveying the Subject Property (1436 East Wallum Lake Road in Burrillville, Rhode Island), see Amended Complaint, Counts II, III, and VII;

2.   enjoining each of them from maintaining the May 8, 2007, deed to Mrs. Lace as a cloud on Plaintiff's title, see id.;

3.   mandating that they issue discharges of their interests and conveyances, see id.;

4.   declaring that the May 8, 2007, deed to Mrs. Lace is legally and equitably void, discharged, or subordinated, see id.

5.   declaring that any interests of Mr. Lace, Mrs. Lace, and the Trust in the Subject Property is subject to Plaintiff's mortgage interest as of June 16, 2006, see id.;

6.   allowing Plaintiff to proceed with foreclosure against the interests of Mr. Lace, Mrs. Lace, and the Trust, see id.; and

7.   declaring the May 8, 2007, deed to Mrs. Lace and the

interests of Mr. Lace and the Trust to be null and void, discharged, or subordinate to Plaintiff's mortgage interests, see id.[10]

**IV. Conclusion**

For the reasons stated above, I recommend that the Motion for Default Judgment be granted and that default judgment be entered against Mr. Lace, Mrs. Lace, and the Trust as stated above. Any objections to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

---

[10] The recommended relief to be awarded by the default judgment is taken directly from Plaintiff's Mem. See Plaintiff's Mem. at 7. Although it appears that some of the requested relief may be redundant or overlapping, the Court has elected in this Report and Recommendation to adhere to the relief requested by Plaintiff in its memorandum. See id. If present circumstances now allow a refinement of the relief to be included in the default judgment, this Magistrate Judge suggests that Plaintiff make such refinement known to Chief Judge Lisi by filing a response to this Report and Recommendation which provides the precise wording of the relief which Plaintiff wants stated in the default judgment.

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
August 23, 2010